# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-400V

| | |
|---|---|
| ELIZABETH COVEY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 28, 2024 |

*Glen Howard Sturtevant, Jr., Rawls Law Group (Richmond), Richmond, VA, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On January 8, 2021, Elizabeth Covey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges a Table injury - that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine on November 13, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 2, 2024, I issued a Findings of Facts concluding that "there is preponderant evidence to establish the vaccination alleged as causal in this case was administered to Petitioner in the right deltoid on November 13, 2019." ECF No. 31 at 6. On February 2, 2024, I issued a ruling on entitlement, finding Petitioner entitled to

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation for SIRVA. On March 27, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $80,000.00 in pain and suffering and past unreimbursable expenses in the amount of $4,317.38. [3] Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $84,317.38 (consisting of $80,000.00 for pain and suffering and $4,317.38 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Respondent states in his Proffer that he "has no objection to the amount of the proffered award of damages set forth" therein. Proffer at 2, n.1.  Further, assuming I issue a damages decision consistent with his Proffer, Respondent waives his right to seek review of that Decision. Respondent, however, reserves his right to seek review of my February 2, 2024 Ruling on Entitlement.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ELIZABETH COVEY,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 21-400V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 8, 2021, Elizabeth Covey (petitioner) filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on November 13, 2019.  Petition at 1.

On August 23, 2022, the Secretary of Health and Human Services ("respondent") filed a Motion for a Fact Ruling ("Motion") requesting a determination on the site of vaccine administration based on conflicting notations in the record.  ECF No. 28.  Petitioner filed a response on September 6, 2022.  ECF No. 29.  On January 2, 2024, Chief Special Master Corcoran issued Findings of Fact and resolved the site of vaccination issue.  ECF No. 31.  On January 26, 2024, respondent filed a Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act.  Rule 4(c) Report at 1 (ECF No. 32).  On February 2, 2024, Chief Special

Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA.[1]  *See* Ruling on Entitlement (ECF No. 35).

## I. Items of Compensation

### A. Pain and Suffering

Based on the evidence of record, respondent proffers that petitioner should be awarded $80,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $4,317.38.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's February 2, 2024, entitlement decision.

the Court's judgment award the following[2]: a lump sum payment of $84,317.38, in the form of a check payable to petitioner.

### III. Summary of Recommended Payments

Lump sum payable to petitioner, Elizabeth Covey:  **$84,317.38**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ NINA Y. REN
NINA Y. REN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 305-3781
Nina.Ren@usdoj.gov

DATED: March 27, 2024

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.