# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0400V

|  |  |
|---|---|
| ELIZABETH COVEY,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 30, 2024 |

*Glen Howard Sturtevant, Jr., Rawls Law Group, Richmond, VA,* for Petitioner.

*Nina Ren, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Elizabeth Covey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges a Table injury - that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine in November 2019. Petition at 1. On March 28, 2024, I issued a decision awarding damages to Petitioner based on Respondent's proffer. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $22,157.07 (representing $19,522.82 for fees and $2,634.25 for costs). Petitioner's Application for Attorneys' Fees, filed Apr. 8, 2024, ECF No. 46. In accordance with General Order No. 9, Petitioner has filed a statement representing that she incurred no out-of-pocket expenses. ECF No. 46-3.

Respondent reacted to the motion the same day, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion, filed Apr. 8, 2024, at 2-3, 3 n.2, ECF No. 47.

Also on April 8, 2024, Petitioner filed a reply, noting Respondent's lack of a substantive objection and reiterating her attorney's fees and costs response. ECF No. 48. On April 26, 2024, Petitioner provided additional information regarding the experience level of an attorney who recently joined Mr. Sturtevant's firm and performed some work in the case in 2024.

Having considered the motion along with the invoices and other proof filed in connection, I find only one minor reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests hourly rates for attorneys and paralegals at performing work in this matter as follows:

|  | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|
| Glen Sturtevant, Esq. | $353 | $372 | X | $413 | $438 |
| Whit Long, Esq. | X | $278 | $293 | X | X |
| Trip Otto, Esq. | X | X | X | X | $376 |
| Paralegals | $163 | $172 | $177 | $186 | $198 |

ECF No. 46-1 at 2, 6, 10, 12, 16. The hourly rates requested for Mr. Sturtevant, Mr. Long and the paralegals – Emily Brooks, Elizabeth Garrett, and Justine Kesel are reasonable and consistent with prior determinations. Additionally, Petitioner has also requested 2024 attorney hourly rates of $438 for work performed by Glen Sturtevant - representing a rate increase of $25, and $376 for Tripp Otto, an attorney who joined the Rawls Law Group and was admitted to practice before the United States Court of Federal Claims in 2024. *Id.* at 16; *see* Exhibit 26 at ¶¶ 6, 8. Mr. Otto was first barred in 2011 but focused on a non-legal business for several years following eight years in the United States Army Judge Advocate General's Corps. Exhibit 26 at ¶¶ 2, 6. I find the requested 2024 hourly rates for Mr. Sturtevant and Mr. Otto to be reasonable.

However, the requested hourly rate for paralegal work performed in 2024 is $1 greater than the maximum amount allowed. *See* OSM Attorneys' Forum Hourly Rate Fee Schedule: 2024, found on the Court's website. This excessive rate appears to be due to a simple error, and Petitioner's counsel knows to make this correction in future motions. *See* Informal Remark, dated Apr. 25, 2024. This correction reduces the amount of fees

to be awarded by **$6.10**.[3]

## B. Billed Hours

I note this case required additional briefing regarding the site of vaccination. *See* Petitioner's Reply to Respondent's Motion for a Fact Ruling, filed Sept. 6, 2022, ECF No. 29. Petitioner's counsel expended approximately 2.5 hours drafting the reply. ECF No. 46-1 at 9-10. I find this amount of time to be reasonable and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $0.60 in postage (ECF No. 46-1 at 12) – which I nevertheless will allow. *Compare* ECF No. 46-1 at 2, 6, 10, 12, 16 *with* ECF No. 46-2. And Respondent offered no specific objection to the amounts sought. Thus, I find the amount of costs sought to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $22,150.97 (representing $19,516.72 for fees and $2,634.25 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Glen Howard Sturtevant, Jr.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] This amount consists of ($198 - $197) x 6.10 hrs.= $6.10.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.